IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, ex rel, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV03-297-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| PLUM CREEK TIMBER CO., INC., et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter is Defendant Plum Creek's motion for summary judgment, Defendants' Plum Creek and Truett motions for judgment on the pleadings, and related motions filed by all parties. The matters have been fully briefed and are ripe for the Court's consideration. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Factual and Procedural Background**

This action was initiated by Plaintiffs, State of Idaho and the United States of America, to recover the costs associated with 2000 Crooked Creek Fire including the costs of suppressing the fire, the resource losses, and the costs for forest rehabilitation. The area in question was comprised of a patchwork of both private and federal lands. The complaint alleges the fire started on Defendant Plum Creek Timber Co.'s ("Plum Creek") private land and spread to Federal lands in the Clearwater National forest. Defendant Robert Truett d/b/a Truett Timber Faller, a/k/a Truett Logging (collectively referred to as "Truett") was the contractor performing the logging operations from which the fire originated.

The Crooked Creek Fire was started on July 28, 2000 at approximately 10:00 a.m. when an Truett employee, who was driving a yarder to pull logs up hill, heard a crackling sound at and turned to see a fire behind the yarder. The fire spread rapidly in the hot dry conditions to around twenty or thirty acres by noon. Multiple federal and state agencies responded to the fire including those from both Montana and Idaho. The fire was declared "under control" by September 30, 2000 and was officially deemed "out" on October 14, 2000. The fire ultimately burned a total of 4,892 acres; 2,673 acres of National Forest System lands and 2,219 acres of Plum Creek private lands.

The fire, Plaintiffs argue, was caused when a hot piece of carbon material got through the yarder's malfunctioning turbo charger and, thus, the proximate cause of the fire was a result of Defendant Truett's negligence in failing to properly maintain the equipment and to conduct the logging operation in a safe manner. Because Truett was an agent of Plum Creek, Plaintiffs argue, Truett's negligence is imputed to Plum Creek who either did or should have exercised supervision and control of the logging. In addition, the complaint alleges Plum Creek was negligent in failing to ensure Truett was maintaining the equipment and logging in a safe manner, and failing to exercise the requisite supervision required of a "contractor" who is party to a Certificate of Compliance. Finally, the Plaintiffs assert claims for trespass, nuisance, and *res ipsa loquitor*. An amended complaint and second amended complaint have been filed adding as Defendants Plum Creek Marketing Inc., Plum Creek Timber Co., LP, and Plum Creek Timberlands, LP. Plaintiffs seek to recover damages for fire suppression in the amount of $5,487,238.42, forest rehabilitation costs of $741,556.25, and resource damage costs, occurring as lost timber value, in the amount of $4,405.359.00. As a result the parties filed the instant motions which the Court now takes up.

## Standards of Law

1) <u>Summary Judgment</u>

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. <u>Summers v. A. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. 1997). Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine."  An issue is "material" if it affects the outcome of the litigation.  An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

---

[1] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Id. at 374 (citation omitted).  Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

2) <u>Judgment on the Pleadings</u>:

Motions for a judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).  A party may move for a judgment on the pleadings at any point after the pleadings close.  Fed. R. Civ. P. 12(c).  The standard for deciding a motion under Rule 12(c) is virtually identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Judgment on the pleadings may be granted only when it appears beyond doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief."  Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (internal quotations and citations omitted). In other words, a judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.  See Honey v. Distelrath, 195 F.3d 531 (9th Cir. 1999) (citing Nelson v. City of Irvine, 143 F.3d 1196 (9th Cir. 1998); see also Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). Thus, the narrow question presented by the  motion is whether Plaintiffs have failed to plead facts that, even if taken as true, fail to state valid claims for which relief may be granted.  However, where "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."  Fed. R. Civ. P. 12(c).

**Analysis**

1) <u>Motion for Summary Judgment</u>:

a) <u>Liability</u>:

At issue on this motion is Plum Creek's potential liability to Plaintiffs for the costs associated with the Crooked Creek fire.  The Plum Creek argues it is not subject to liability in this case, while  Plaintiffs argue the liability alleged in the claims is properly imposed on Plum Creek.

"Under common law principles governing liability for negligence, no liability arises unless the individual for whom relief is sought owed a duty of care to the injured party."  Gneiting v. Idaho

Asphalt Supply, Inc., 941 P.2d 932, 934 (Idaho App. 1997) (citations omitted). "Generally a principal is not liable for the torts of an independent contractor." Id.;see also Slagle v. United States, 612 F.2d 1157, 1162 (9th Cir. 1980). Because the contract between Truett and Plum Creek expressly states that the arrangement is that of an independent contractor, Plum Creek maintains it is not subject to liability in this case. (Logging Contract, p. 17). Plaintiffs' argument, however, is that the Fire Hazard Management Agreement ("the Agreement") between the State and Plum Creek imposes non-assignable duties upon Plum Creek, pursuant to Idaho Code § 38-122, to treat slash and prevent fire hazards.[2] Plum Creek breached these duties, Plaintiffs argue, by failing to 1) perform vigilant inspections, 2) taking extra precautionary measures, and 3) requiring adequate fire training of Truett employees. The Agreement was entered into between Plum Creek and State authorities pursuant to Idaho Code § 38-122 which provides:

> **Protection by logging outfits – Fire suppression account – Liability for fire suppression costs – Penalty. –** (1) Everyone engaged, or about to engage, in the cutting of any forest product or potential forest product upon lands within the state of Idaho shall provide for the management and reduction of the fire hazard thus created or to be created by first securing a certificate of compliance from the director of the department of lands or his agent, said compliance to provide the option of entering into a fire hazard reduction agreement as provided in sections 38-401 through 38-410, Idaho Code, inclusive, or by posting a cash bond to the state of Idaho...and that the bond shall be conditioned upon full and faithful compliance with all requirements under sections 38-401 through 38-410, Idaho Code, inclusive, and the faithful reduction of such fire hazards in the manner prescribed by law...upon completion [of hazard reduction as required by law], the director of the department of lands or his agent shall issue a certificate of clearance.... Such clearance shall constitute reason for the release of said hazard reduction money and payment...of the cash bond.
>
> (2) With the exception of cases of negligence on the part of the landowner, operator or their agents, liability for the cost of suppressing fires that originate on or pass through a slashing area shall remain with the state forester [as provided in this section]....

On the Agreement, Plum Creek is listed as the land owner, timber owner, operator, and purchaser all at the same Montana address.[3] To satisfy the statutory requirements, Plum Creek selected the

---

[2] Plum Creek's reply couches this argument as a breach of contract claim and argues a contract claim has never been plead and should not be allowed. This claim, however, is not a contract claim but tort claim; the allegation being that the duty arose from a contract. Because the negligence claim is properly raised in the complaint, it will be considered by the Court.

[3] The heading on the documents is Fire Hazard Management Agreement - Certificate of Compliance - Notice of Forest Practice which are requirements in Idaho Code § 38-122.

fire hazard reduction option number three which obligated Plum Creek to "operate under the terms of a surety bond, currently in force, which provides for management of fire hazards on the lands." The Agreement further directs that the "agreement may not be assigned to another party or amended by the CONTRACTOR except with the written approval of the STATE" and that contractors are "not excused from complying with any other applicable laws."  In addition, Plum Creek received Certificates of Clearance which provided for the repayment of the surety bond because the hazard reduction had been accomplished pursuant to Idaho Code § 38-122.  The Certificates of Clearance state that it "releases the contractor from all liability for costs of suppressing fires, except those which involve contractor negligence...."

Contrary to Plaintiffs' argument, the Agreement itself is not the source of a duty.  Plum Creek's arguments are likewise in error because neither the Agreement nor the Certificates of Clearance shield it from liability for negligence.  Just the opposite, the Agreement, Certificates of Clearance, and Idaho Code § 38-122 each expressly exclude acts of negligence from its protections of liability.  A duty, however, does exist.  Idaho Code § 38-122 imposes a duty of due care upon "[e]veryone engaged, or about to engage, in the cutting of any forest product or potential forest product...."  Similarly, Idaho Code § 38-107 imposes civil liability upon persons responsible for causing a fire to "make a reasonable effort to control or extinguish it immediately" and holds such individuals liable for the costs incurred in controlling or extinguishing such fires.  Therefore, the Court finds the existence of a duty of due care arises under Idaho Code § 38-122 warranting a common law negligence claim and that Idaho Code § 38-107 gives rise to a civil claim against those persons responsible for starting a fire.  Having concluded that such claims exist, the more difficult question presented here is whether Plum Creek is subject to liability under these claims?

As to the negligence claim arising under Idaho Code § 38-122 Plaintiffs argue that Plum Creek is liable for the negligent actions of Truett, as its agent, because the duties encompassed in the Agreement are not assignable.  Plum Creek maintains Truett was an independent contractor and, therefore, Plum Creek is not liable for Truett's actions.  The Agreement initiated pursuant to § 38-122 lists Plum Creek as the landowner, operator, and contractor.  As Plaintiffs point out, the

Agreement also states it is not assignable. This, Plaintiffs argue, places the duty of care squarely upon Plum Creek to satisfy the duty imposed under § 38-122. The Court agrees.

Regardless of whether Truett was an agent or independent contractor, because Idaho Code § 38-122 imposes a non-delegable duty of due care upon Plum Creek, the duty remains with Plum Creek.[4] The fact that Plum Creek entered into a contract with Truett to cut timber on its land, regardless of the nature of that contract, does not shift the duty imposed upon Plum Creek. As expressly stated in the Agreement, the contractor may not assign its obligations to another party. Therefore, the Court finds that Plum Creek is subject to the duty of care imposed pursuant to § 38-122. However, genuine material issues of fact exist as to the remaining questions regarding negligence, in particular breach, causation, damages, and the like, which preclude summary judgment.

As to the civil liability claim under Idaho Code § 38-107, this statute speaks very broadly in imposing liability upon "Any person responsible through his conduct, acts, and/or control of property or operations for either the starting or the existence of such fire...." The Court finds that Plum Creek is subject to potential liability pursuant to § 38-107. Again, the nature of the relationship between the Defendants is immaterial to the question of whether civil liability may exist under this statute. At issue on this motion is whether the statute imposes potential civil liability upon Plum Creek. The Court finds that it does. As before, however, questions of fact remain regarding whether Plum Creek is liable and, thus, summary judgment is denied.

In sum, the Court finds as a matter of law that Plum Creek is subject to potential liability pursuant to the foregoing statutes. The remaining liability issues involving the issues of breach, causation, and damages each raise questions of fact which must be left for the jury to decide. Therefore, the motion for summary judgment is denied. Likewise, the Court finds questions of fact exist as to Plaintiffs' claim under *res ipsa loquitor* and summary judgment as to that claim is also denied.

---

[4] "[A] principal may be directly liable for harm that occurs when an agent performs a nondelegable task that the 'principal is under a duty to perform with care.'" Herbst v. Bothof Dairies, Inc., 719 P.2d 1231, 1234 (Idaho App. 1986) (quoting Second Restatement § 251(a) (1958) citation omitted).

      b)      <u>Trespass</u>:

Plum Creek argues the trespass claim fails because Plaintiffs are unable to prove it intended to start the fire intruding upon Plaintiffs' lands; asserting the fire was an unintended consequence of the logging activity. In response, Plaintiffs argue their trespass claim is based in common law which does not require intent but, instead, a wrongful interference with the right of exclusive possession to real property. The invasion on public lands by the fire caused as a result of Defendants' logging operation, Plaintiffs assert, amounts to a trespass.

The "traditional common law requirements to recover upon a claim for trespass to land include (1) an invasion (2) which interferes with the right of exclusive possession of the land, and (3) which is a direct result of some act committed by the defendant." <u>Mock v. Potlatch Corp.</u>, 786 F.Supp. 1545, 1548 (D.Idaho 1992) (finding the noise from defendant's plant did not constitute an "entry" onto plaintiff's land). "Generally, an interference with the exclusive right of possession involves an entry onto the land. An entry may take the form of the defendant...causing another to intrude upon the land, or causing some tangible thing to intrude upon the land." <u>Id.</u> at 1548 (citing Restatement (Second) of Torts § 158(a) (1965)). As alleged in this case, what is required is that Plaintiff prove the Defendants negligently caused the fire which entered Plaintiffs' land and, thus, are liable for the consequences thereof. As such, the trespass claim here is proper. The resolution of this claim, however, requires that the questions of negligence be resolved in the first instance before the trespass claim can be decided. As determined above, questions of fact exist as to the negligence inquires and, therefore, the motion for summary judgment must be denied.

The Court rejects Plum Creek's argument that trespass requires a finding that it intended to start the fire. As Plaintiffs point out, the cases cited by Plum Creek asserting intent as an element of trespass apply only where the aggrieved party is attempting to collect treble damages pursuant to Idaho Code § 6-202. See <u>Watler E. Wilhite Revocable Living Trust v. Northwest Yearly Meeting Pension Fund</u>, 916 P.2d 1264 (Idaho 1996); <u>Bumgarner v. Bumgarner</u>, 862 P.2d 321 (Idaho App. 1993). Because the Plaintiffs' claim here is based on negligence, the common law trespass elements noted above apply. Again, Plaintiffs must prove to the jury that Plum Creek's actions "caused an invasion of [P]laintiffs' property by some tangible matter." <u>Mock</u>, 786 F.Supp. at 1549 (citation

omitted). The decision in <u>Bumgarner</u> recognized the possibility of a trespass claim based upon common law by stating "where the defendant wrongfully enters upon the plaintiff's property or cuts his trees, but the defendant's trespass is neither wilful or intentional, the plaintiff is entitled to recover his actual damages at common law, but he is not entitled to have those damages trebled." <u>Bumgarner</u>, 862 P.2d at 331 (citations omitted). What is required here is that the trespass was negligent in order to be actionable. The defendant need not to have intend the wrong that in fact occurred, but need only to have negligently cause the entry onto the land of another.

      c)    <u>Nuisance</u>:

The nuisance claim also fails, Plum Creek asserts, because the utility and benefits of logging outweighs any dangers posed by it and because the Plaintiffs have not alleged the conduct was unreasonable. Further, Plum Creek maintains that logging is not an inherently dangerous activity nor a nuisance. Plaintiffs maintain the claim is valid and that a fire burning out of control is a nuisance as a matter of law pursuant to Idaho Code § 38-107.

Nuisance "applies to the wrongful interference with the use and enjoyment of real property." <u>Moon v. North Idaho Farmers Assn.</u>, 96 P.3d 637, 641 (Idaho 2004) (citing <u>Mock v. Potlatch Corp.</u>, 786 F.Supp. 1545 (D.Idaho 1992); and <u>Carpenter v. Double R Cattle Co., Inc.</u>, 669 P.2d 643 (Idaho App. 1983) ("But where an invasion of property is merely incidental to the use of adjoining property, and does not physically interfere with possession of the property invaded, it generally has been classified as a nuisance rather than a trespass."); I.C. § 52-101 (defining nuisance as "anything which is injurious to health [ ... ]or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property.")). "A useful differentiation between trespass and nuisance is that '[t]respass comprehends an actual physical invasion by tangible matter. An invasion which constitutes a nuisance is usually by intangible substances, such as noises or odors.'" <u>Id.</u> (citing <u>Bormann v. Board of Supervisors</u>, 584 N.W.2d 309 (Iowa 1998)). In <u>Moon</u>, the Idaho Supreme Court determined that in "the plaintiffs' situation, an action could be said to lie in nuisance and in trespass, respectively, given the invasion of the thick, oppressive smoke generated by the farmers' burning and the particulates emitted from the smoke onto the plaintiffs' land." <u>Id.</u> (discussing plaintiffs' claims related to defendants' burning of their grass seed fields).

Plum Creek's focus here only on the utility of logging is too narrow. While the utility of logging and its benefits to the community are factors properly considered by a jury, those are not the only considerations to be weighed in deciding a nuisance claim. See McNichols v. J.R. Simplot, Co., 262 P.2d 1012, 1014 (Idaho 1953) (holding the district court properly instructed the jury on the nuisance claim and finding that "what is reasonable under all circumstances is the guiding criterion...[and] factors to be considered and weighed in determining what constitutes a nuisance" are many). In viewing the facts in the light most favorable to the non-moving party, the Court finds that genuine issues of material fact exist as to whether the requirements for the nuisance claim are present here and, thus, summary judgment is denied.

2)    <u>Motion for Judgment on the Pleadings</u>:

Plum Creek also filed a motion for a judgment on the pleadings pursuant to Rule 12(c) seeking to dismiss the State of Idaho from the action and dismiss the United States' claims based on state law. Truett subsequently joined in the motion. Because the State has been reimbursed by the United States for any potential damages in this action the Defendants argue it has no standing to bring a claim in this matter nor could it satisfy the damages element of the alleged claims. As to the claims by the United States made based on state law, the Defendants argue the United States is not an "entity" authorized to seek recovery for fire suppression costs based on Idaho Code § 38-107 or any other state statute. The Plaintiffs oppose the motion arguing the requested recovery is appropriate pursuant to Idaho Code § 38-107 and the cooperative fire protection agreement between the State and the United States to provide protection and suppression efforts against fires. Under the cooperative agreement, the United States argues, the State and the Federal government are agents of each other.

At the heart of this motion is the application of Idaho Code § 38-107 as a vehicle for the United States to recover the costs of fire suppression, alleged to be $5,487,238.42. Defendants argue the cannons of statutory construction demand that the plain meaning of a statute be followed where the statute is plain, clear, and unambiguous. To this end the Defendants rely upon United States v. Burlington Northern, Inc., 500 F.2d 637 (9th Cir. 1974) where the United States asserted a Washington state statute to recover the costs for fire suppression. There the Ninth Circuit

interpreted the statute as allowing recovery to be pursued by only the State of Washington. The Plaintiffs here argue <u>Burlington</u> is distinct from the facts in this case.

Idaho Code § 38-107 is a part of the Idaho Forestry Act and states:

> **Uncontrolled fires a nuisance – Abatement – Civil liability. –** Any forest or range fire burning out of control or without adequate and proper precautions having been taken to prevent its spread, is hereby declared a public nuisance, by reason of its menace to life and/or property. Any person responsible through his conduct, acts and/or control of property or operations for either the starting or the existence of such fire is hereby required to make a reasonable effort to control or extinguish it immediately...and the person wilfully or negligently responsible for the starting or existence of such fire shall be liable for the costs incurred by the state or its authorized agencies in controlling or extinguishing the same. The amount of such costs shall be recovered by a civil action prosecuted in the name of the state of Idaho and any amounts recovered shall be paid to the state treasurer for deposit to the forest protection fund.

Defendants highlight the provisions of the statute stating that the action shall be "prosecuted in the name of the state of Idaho" and that any recovery "shall be paid to the state treasurer." The Plaintiffs on the other hand focus on the statement that the responsible party is liable for "costs incurred by the state or its authorized agencies" arguing the United States is an authorized agent of the State via the cooperation agreement, pointing to Idaho Code § 38-104.

The cooperating agreement entered into between the State of Idaho and the United States providing for the joint suppression of fires expressly states that the United States is "surrogated to and be entitled to all rights and remedies which the State would have had to collect such suppression costs pursuant to State law, including but not limited to Idaho Code from the person or persons responsible for the existence or spread of a fire requiring suppression action." (Dkt. No. 85, Ex. B, p. 10, ¶ 44). Having considered the plain reading of § 38-107 which broadly provides for recovery of fire suppression costs incurred by "the state or its authorized agencies" and the cooperation agreement, the Court agrees that the United States has been explicitly afforded the right to pursue collection of fire suppression costs pursuant to state law. The 1974 Washington statute discussed in <u>Burlington</u>, which has since been repealed, spoke only of the state having the ability to recover the costs of fire suppression from a private land owner. The Idaho statute applicable in this case, however, provides for either "the state or its authorized agencies" to pursue such recovery. In addition, the court in <u>Burlington</u> found that the cooperation agreement in that case did not "indicate an intent to subrogate [the United States] to Washington's claim." <u>Burlington</u>, 500 F.2d at 639. Just

MEMORANDUM ORDER - Page 11
05ORDERS\PLUM03-297.WPD

the opposite in this case, the cooperation agreement between the United States and Idaho expressly provides for subrogation. Defendants argue that if subrogation applies the United State's remedy is limited to the fire suppression costs incurred by Idaho, from whom it is surrogated, but not costs incurred by other "non-Idaho government agencies."

Subrogation is the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor. BLACK'S LAW DICTIONARY 1467 (8th ed. 2004) (Subrogate is to substitute (a person) for anther regarding a legal right or claim). It is a long standing principle that the right of subrogation is derivative of the subrogor's cause of action. See, e.g., United States v. California, 507 U.S. 746, 756 (1993) (The subrogee "stands in the place of one whose claim he has paid.") (internal quotation and citation omitted). Recovery pursuant to § 38-107 extends to "the costs incurred by the state or its authorized agencies in controlling or extinguishing the same." Thus, as the surrogated party to the State, the United States is able to recover those costs suffered by the State of Idaho and its agencies for which the United States paid the State of Idaho and its agencies. Further, the complaint in this action asserts claims for damages not solely under § 38-107 but also upon the common law claims of negligence, trespass, nuisance, and *res ipsa loquitor*. Thus, recovery for the remaining amounts sought by the United States are also pursued under those common law theories.

3) Related Motions:

The parties filed various motions to strike and a motion to supplement in relation to opposing counsels' submissions regarding the motion for summary judgment. These requests and motions relate to submissions regarding issues which the Court has determined are questions of fact left for the jury. Therefore, the challenged submissions were not considered by the Court in reaching its decision and are moot.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Defendants' Motion for Summary Judgment (Dkt. No. 58) is **DENIED**.

2) Defendants' Motions for Judgment on the Pleadings (Dkt. No. 81, 83) are **DENIED**.

  3)  The Motions to Strike (Dkt. Nos. 40, 43, 65) are **MOOT**.

  4)  Plaintiffs' Motion to Supplement (Dkt. No. 69) is **MOOT**.

  5)  Counsel are directed to meet and agree upon a trial date beginning on either April 25, 2006, May 9, 2006, or May 23, 2006. Within ten (10) days from the date of this Order, counsel shall file a Stipulation along with a proposed Order as to the date selected for the trial setting beginning at 9:30 a.m., at the Federal Courthouse located in Coeur d'Alene, Idaho.

DATED: **September 30, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge