IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, ex rel,            ) | |
| ) | |
| Plaintiffs,      ) | Case No. CV03-297-N-EJL |
| ) | |
| vs.                                              ) | MEMORANDUM ORDER |
| ) | |
| PLUM CREEK TIMBER CO., INC., et al.,  ) | |
| ) | |
| Defendants.    ) | |

Pending before the Court in the above entitled matter is Defendant's motion for reconsideration of the Court's order on summary judgment and related motions. The parties have filed their responsive briefing and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Standard of Law**

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1419 (9th Cir. 1984). The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. (Citations omitted). Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

## Discussion

Defendant's motion for reconsideration asks the Court to revisit its conclusions regarding the interpretation of the state statutes at issue in this matter. Simply, Defendants disagree that Idaho Code § 38-122 imposes a duty of care and again argue that Plum Creek is not liable and has satisfied its obligations under the relevant statutes. The government opposes the motion.

The Court has reviewed the parties briefing and concludes the motion argues the same position forwarded on the motion for summary judgement while raising no new evidence or law. Defendant states the motion is an effort to prevent an manifest injustice in that, they argue, the Idaho

Legislature did not intent for the statute to impose the duty as determined in the order on summary judgment.  The Court has reviewed its previous decision in light of the parties arguments here and the opinion of the Court is unchanged.  Therefore, the Court denies the motion for reconsideration.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendant's Motion for Reconsideration (Dkt. No. 94).

DATED: **December 15, 2005**

Honorable Edward J. Lodge
U. S. District Judge